## COMMONWEALTH vs. STEVEN GALLOWAY.

Suffolk.  November 9, 1988. — March 2, 1989.

Present: HENNESSEY, C.J., WILKINS, LIACOS, ABRAMS, NOLAN, LYNCH, & O'CONNOR, JJ.

*Robbery. Evidence*, Hearsay, Declaration against interest, Relevancy and materiality. *Due Process of Law*, Declaration against interest.

At a criminal trial, the out-of-court statements made by a person to relatives that he, and not the defendant on trial, committed the crime should have been admitted in evidence under the exception to the hearsay rule for declarations against penal interest, where the declarant's testimony was unavailable because he had invoked his privilege against self-incrimination, where the statements attributed to the declarant were direct admissions of guilt that so far tended to subject him to potential punishment that a reasonable person in the same position would not have made any such statements without believing them to be true, and where the declarant's statements of his involvement and the defendant's noninvolvement in the crime were sufficiently corroborated to indicate their trustworthiness. [207-209] HENNESSEY, C.J., with whom NOLAN and LYNCH, JJ., join, dissenting.

INDICTMENTS found and returned in the Superior Court Department on February 25, 1983.

The cases were tried before *Robert Malcolm Graham*, J.

The Supreme Judicial Court granted a request for direct appellate review.

*Maureen B. Brodoff*, Committee for Public Counsel Services (*Christopher S. Skinner*, Committee for Public Counsel Services, with her) for the defendant.

*Jane A. Donohue*, Assistant District Attorney, for the Commonwealth.

WILKINS, J. We return to the question of the admissibility at a criminal trial of out-of-court statements made by a person that he, and not the defendant on trial, committed the crime. See *Commonwealth* v. *Drew*, 397 Mass. 65, 73 (1986); *Com-*

monwealth v. Carr, 373 Mass. 617, 623 (1977); Proposed Mass. R. Evid. 804 (b) (3).

In this case, the trial judge fully recognized the applicable principle of law but erred in concluding that the standard for admissibility had not been met. The basic issue concerns whether the admissions of the other person were sufficiently corroborated to meet the requirement of trustworthiness and, hence, in the circumstances, to make them admissible.

The defendant was found guilty of the armed robbery of two men on January 21, 1983, in Boston's South End.[1] The two victims confidently identified the defendant and another young man as the robbers. There is no claim that the evidence did not warrant the jury's conclusions. The defendant's argument is that he was not one of the robbers, that his cousin Daryl Fuller was, and that he should have been permitted to show that on several occasions Fuller had admitted to his involvement.

The defendant and his cousin, who was a juvenile, were two of six youths who were in the vicinity of the crime at the time it was committed. A police officer, who was also in the area, testified that two of the youths had been separated from the other four and had joined them before they all entered an apartment building on Columbus Avenue where the six were subsequently arrested for breaking and entering. The police found some of the stolen items and a gun in the apartment where the six were arrested.

At trial, Fuller, called as a witness by the defendant, asserted his privilege against self-incrimination. The judge properly dismissed Fuller as a witness. The defendant then advised the judge that he wished to present testimony that Fuller had made statements admitting his involvement in the robberies and stating that the defendant had not been involved. The judge appropriately held a voir dire hearing at which three potential witnesses testified: Fuller's mother, the defendant's sister and the defend-

---

[1] A prescient Justice of the Appeals Court stayed execution of the defendant's sentence pending his appeal. We granted the defendant's application for direct appellate review.

ant's mother. The defendant's mother and Fuller's mother are sisters.

Fuller's mother testified that she had picked Fuller up at the police station after his arrest on the night of the robbery, and that he had said nothing during the ride home. In the next day or two, she spoke with her son, who told her that he had been one of the robbers and that the defendant had not been. The next day she heard her son make substantially the same statement to the defendant's sister. Later, she, her husband, and her son met with her son's lawyer, and, in her son's presence, she told the lawyer that her son had confessed to the robbery.

The defendant's sister testified that during a telephone call on the night of the arrest Fuller, her cousin, had told her that the defendant had not committed the robberies and that he had. Later, while waiting for a bus after the defendant's probable cause hearing, Fuller explained "how the incident happened and how the cop was wrong in blaming Steven." Fuller added that he had been standing on some stairs at the time of the robbery to make himself look taller than he was.

The defendant's mother testified that on the day after the robberies Fuller told her on the telephone that the defendant did not do anything and that he was the one who did it. On the day of the defendant's probable cause hearing, while waiting for a bus after the hearing, Fuller said that he had been standing on a step and that had confused a witness about his height. He told her that the other youth had had a gun and had threatened to shoot the victims.

The defendant argued that Fuller's hearsay statements to these three witnesses were admissible as declarations against his penal interest. The judge ruled that, although the declarant was unavailable and the statements were against his penal interest, the statements were insufficiently corroborated. He excluded the testimony.[2]

---

[2] He said: " . . . I find that the so-called 'confession' here lacks the indicia of trustworthiness. I further find . . . there are serious reservations that I have with respect to any spontaneity of the statements. I have concern about . . . the relationship of the people who allegedly heard this out-of-court statement, and that they are all family members. . . . There is a possibility

The defendant then called as a witness Vincent Edwards, one of the other five youths arrested with the defendant. Edwards testified that the group of six went looking for marihuana, found some, and headed towards an apartment to which one of them had a key. As they neared the apartment, Fuller and one Al Waldon broke off from the group. The rest of the group went to the apartment to smoke the marihuana. Waldon and Fuller arrived a few minutes later. They displayed "silver and stuff" and told the group that "they made a robbery." The police arrived a few minutes later. After Edwards's testimony, the defendant asked the judge to reconsider his ruling concerning the admissibility of Fuller's admissions. He argued that the level of corroboration and trustworthiness was greater following Edwards's testimony. The judge denied the defendant's motion.

A defendant is entitled to present evidence tending to show that someone else committed the crime for which he stands accused. *Commonwealth* v. *Jewett*, 392 Mass. 558, 562 (1984). The defendant undertook to demonstrate through the statements of his cousin Daryl Fuller that he was not one of the robbers. Fuller's insistence on his constitutional rights thwarted the defendant's attempt to obtain in-court admissions from Fuller that would have shown that Fuller, but not the defendant, had been involved in the robberies. The defendant then turned to Fuller's out-of-court admissions in an attempt to make the point. The question then was whether Fuller's declarations were admissible under an exception to the hearsay rule.

We have adopted in substance the principle expressed in Rule 804 (b) (3) of the Federal Rules of Evidence (1985), recognizing a declaration against penal interest as an exception to the hearsay rule. *Commonwealth* v. *Carr*, 373 Mass. 617, 623 (1977). A statement must meet three tests to be admissible: "[1] [T]he declarant's testimony must be unavailable; [2] the statement must so far tend to subject the declarant to criminal liability 'that a reasonable man in his position would not have

---

of another motive for making this so-called 'confession.' . . . [T]here is too much of an opportunity of mischief in admitting these statements.

made the statement unless he believed it to be true'; and [3] the statement, if offered to exculpate the accused, must be corroborated by circumstances clearly indicating its trustworthiness." *Commonwealth* v. *Drew*, 397 Mass. 65, 73 (1986), quoting *United States* v. *Thomas*, 571 F.2d 285, 288 (5th Cir. 1978), and citing Proposed Mass. R. Evid. 804 (b) (3).

The first two elements of the test are clearly satisfied here. Fuller's testimony was unavailable because he had invoked his privilege against self-incrimination. *Commonwealth* v. *Drew, supra. Commonwealth* v. *Hesketh*, 386 Mass. 153, 158 n.4 (1982). The statements attributed to Fuller were direct admissions of guilt, and they so far tended to subject him to potential punishment (even as a juvenile) that a reasonable person in the same position would not make any such statements without believing them to be true. See *Commonwealth* v. *Drew, supra* at 74.

Our focus is on whether there was evidence of corroborating circumstances that indicate the trustworthiness of Fuller's statements. The judge's role is to assess the credibility of the declarant (here, Fuller) and to admit a statement if "there is some reasonable likelihood that the statement could be true." *Commonwealth* v. *Drew, supra* at 76. The judge may consider "the timing of the declaration and the relationship between the declarant and the witness, . . . the reliability and character of the declarant, . . . whether the statement was made spontaneously, . . . whether other people heard the out-of-court statement, . . . whether there is any apparent motive for the declarant to misrepresent the matter, . . . and whether and in what circumstances the statement was repeated. . . ." (citations omitted). *Id.* We have also stated that a judge should not assess a proffered witness's credibility (in this case, the three relatives of the defendant) and should leave any such evaluation to the jury. *Commonwealth* v. *Drew, supra.*

A "judge should not be stringent." [3] *Commonwealth* v. *Drew, supra* at 75 n.10. If the issue is close, "the judge should favor

---

[3] One Justice who joins in this opinion would go farther and would eliminate entirely the requirement that corroborating circumstances indicate

admitting the statement. In most such instances, the good sense of the jury will correct any prejudicial impact." *Id.*

Based on the testimony of Fuller's mother, aunt, and cousin, possibly the judge could properly have concluded that Fuller's statements were inadmissible. Fuller confessed to his mother that he had committed a crime. That is a strong indication in the circumstances of the trustworthiness of his statements. According to the witnesses, he made several incriminating statements, one within hours and others within two days of the crimes. He had no apparent motive to offer himself as a substitute for the defendant as one of the robbers. On the other hand, he gave only some details of the crime and not much demonstrating that he knew facts only one who had been present would have known.

The testimony of Vincent Edwards tips the balance clearly in favor of admissibility. Edwards, who was in a position to know, gave in-court testimony that it was Fuller and not the defendant who left the group of six with Waldon, later rejoining him and the others, and then admitted to a robbery. Edwards's credibility was for the jury and not for the judge. His testimony does a great deal to corroborate the trustworthiness of Fuller's statements of his involvement and the defendant's noninvolvement in the robberies. It is direct corroboration of Fuller's statements, presented under oath by a person who was not a relative of anyone else, who was acquainted with the defendant and Fuller, and who had no apparent reason to lie.

The judge should have permitted the witnesses to testify concerning Fuller's admissions. He had no discretion to exclude them.

The judgments are reversed, and the case is remanded for a new trial.

*So ordered.*

the trustworthiness of the declaration against penal interest in these circumstances. See *Commonwealth* v. *Doherty*, 394 Mass. 341, 354 (1985) (Liacos, J., concurring).

HENNESSEY, C.J. (dissenting, with whom Nolan and Lynch, JJ., join). I dissent. This case is a close one, but I think that the exclusion of the testimony of the three witnesses was within the judge's discretion. The judge applied the criteria that we have endorsed as relevant factors in assessing corroboration: the timing of the declarations by the declarant Fuller, the spontaneity of his declarations, an apparent motive of the declarant to misrepresent the matter, the circumstances in which the statements were repeated, and whether the declarations were disinterested. *Commonwealth* v. *Drew*, 397 Mass. 65, 76 (1986). *Commonwealth* v. *Doherty*, 394 Mass. 341, 347 (1985).

At a voir dire hearing, three witnesses were willing to testify that Fuller had confessed to the crime. Fuller's statements were neither spontaneous not contemporaneous with the defendant's or the declarant's arrest. See *Commonwealth* v. *Drew*, *supra* at 77. Indeed, immediately, after his arrest, Fuller denied that he had participated, saying, "Wait a minute, . . . take a good look at me, I didn't do anything, remember. . . . I had nothing to do with this, look at me good." The lack of details about the crime and the lack of factual details about his involvement in the crime also detract from the credibility of Fuller's statements. *Id.* That the declarant, Fuller, and the defendant are cousins suggests an ulterior motive for the statements. For purposes of deciding the admissibility of their testimony the judge was bound to concede the credibility of the witnesses before him, but he appropriately, on adequate grounds, decided that the statements of the declarant Fuller were untrustworthy. The judge could, and did, properly exercise his discretion in so finding. *Commonwealth* v. *Carr*, 373 Mass. 617, 624 (1977) (judges are obliged to exercise discriminating judgment in applying the corroboration requirement).

After the voir dire hearing had been completed and the judge had ruled, the trial resumed before the jury. A witness named Edwards testified that Fuller, before the arrests, had admitted that he, and not the defendant, committed the crime. The court treats this fourth witness's testimony as significant, but even assuming that Fuller's statement to Edwards was spontaneous and contemporaneous and sufficiently corroborated, it did not lend those qualities to Fuller's alleged statements to the other three witnesses.