COMMONWEALTH *vs.* ANTHONY DiFONZO. No. 90-P-1013. August 28, 1991. *Identification. Practice, Criminal,* Instructions to jury. *Evidence,* Chalk drawing.

A jury convicted the defendant of assault and battery and violation of civil rights. Because we determine that the judge's failure to give the identification instruction approved by the Supreme Judicial Court in *Commonwealth* v. *Rodriguez*, 378 Mass. 296, 310-311 (1979), as well as his failure to give an additional instruction on honest but mistaken identification when it had been requested and was appropriate, constituted prejudicial error, we reverse.

Both the defendant and the victim were present in the Glen Park playground in Somerville on the night of July 15, 1988. At some point during that evening, an incident occurred between a group of approximately ten or more white males and the victim's two sisters. The incident drew the victim, a black male, to the scene, whereupon members of the group shouted racial epithets and physically attacked him.

The victim and the defendant, a white male, offered conflicting accounts of the role the defendant played in the incident. The victim testified that the defendant participated in the attack; the defendant testified that he was merely a bystander. In support of his position, the defendant offered the testimony of a police officer at the scene who, soon after the attack, brought the defendant and two other suspects before the victim for identification. The officer testified that, although the victim had identified the defendant as being present in the park during the beating, he was uncertain about whether the defendant actively participated in the beating. The victim, on the other hand, testified that he had positively identified the defendant, in the officer's presence, as one of the attackers. Both the victim and defendant testified to having seen each other at the defendant's place of employment on six occasions prior to the incident on July 15.

At the conclusion of the judge's charge, which included a lengthy jury instruction on witness credibility, defense counsel objected to the judge's failure to instruct more completely on the issue of identification.[1] In response, the judge told the jury:

"In this case, identification is vital, as you are aware. Now, the identification of a witness, you should consider the following. Did the

---

[1] In his request for jury instructions, the defendant submitted verbatim the model instructions regarding identification set forth in the appendix of *Commonwealth* v.

witness have the ability to observe the offender? Did the witness have an adequate opportunity to observe them at the time of the alleged offense? The lighting conditions, et cetera. These are all things that I want to call to your attention, that in order to be satisfied as to the identification, which is vital in this case, you have to take all these factors into consideration."

Thereafter, defense counsel renewed his objection; the judge, however, refused to give any further instruction.

An instruction regarding honest but mistaken identification may not be required in every case that involves identification. "Fairness to a defendant compels the trial judge to give an instruction on the possibility of an honest but mistaken identification when the facts permit it and when the defendant requests it." *Commonwealth* v. *Pressley*, 390 Mass. 617, 620 (1983). We think that an instruction to the jury that the victim may have been "honestly mistaken" when he identified the defendant as one of his assailants was required, especially in view of the judge's full instructions on credibility. The omission of the requested instruction may have prevented the jury's consideration of good faith error apart from the issue of witness credibility. Contrast *Commonwealth* v. *Breese*, 381 Mass. 13, 18 (1980) ("There was no such danger of confusion between dishonesty and mistake as we found in the *Rodriguez* case"); *Commonwealth* v. *Key*, 19 Mass. App. Ct. 234, 243 (1985), quoting from *Commonwealth* v. *Simmons*, 11 Mass. App. Ct. 156, 162 (1981) ("In short, the judge 'avoided the vice of linking the reliability of the identification to the victim's veracity' "). In the circumstances, the error was not harmless beyond a reasonable doubt. *Commonwealth* v. *Pressley*, 390 Mass. 617 (1983). *Commonwealth* v. *Rodriguez*, 6 Mass. App. Ct. 738, 742-744 (1978), *S.C.*, 378 Mass. 296, 302 (1979). Compare *Commonwealth* v. *Mandeville*, 386 Mass. 393, 400 (1982).

As to other issues raised by the defendant that may arise at retrial, the judge's instruction on the civil rights violation, G. L. c. 265, § 37, should be in accordance with the principles set forth in *Commonwealth* v. *Stephens*, 25 Mass. App. Ct. 117 (1987). As far as any chalk diagrams that may be used during retrial are concerned, the general rule is that evidence

---

*Rodriguez*, 378 Mass. at 310-311. The defendant also proposed the following additional instruction, which does not appear in the appendix to *Rodriguez*:

"In deciding whether or not to believe a witness who identifies the defendant as the perpetrator, remember that you must consider not only whether the witness is trying to tell you the truth or is lying. You must also decide whether that witness's identification is accurate or instead is an honest mistake. Sometimes people perceive an event erroneously, or forget things, or get confused. Deciding whether a witness is trying to tell you the truth is only the first step. You must then go on to decide whether the witness's identification is accurate in fact."

must be admitted as an exhibit in order to be considered by the jury. A judge, however, has "considerable, but not unrestrained, discretion as to the degree to which chalks can be used." *Commonwealth* v. *Walter*, 10 Mass. App. 255, 264 (1980). Liacos, Handbook of Massachusetts Evidence 403-404 (5th ed. 1981).

*Judgments reversed.*

*Verdicts set aside.*

*Willie J. Davis* for the defendant.

*Deanne E.B. Ross*, Assistant District Attorney, for the Commonwealth.