COMMONWEALTH *vs.* LENNY BURGOS. No. 92-P-1651. January 31, 1994.
*Evidence,* Hearsay, Declaration against interest. *Identification. Practice, Criminal,* Instructions to jury, Examination of jurors.

At a "showup" that took place approximately forty-five minutes after a street mugging, the victim identified the defendant, Lenny Burgos, as the man who stole jewelry and other personal belongings from her at knifepoint. Burgos was convicted by a jury of armed robbery.

1. *Out-of-court statement tending to exculpate the accused.* Carmen Alicea, an acquaintance of the defendant, offered to testify that, at about the time of the robbery, a man she knew as Jerry boasted that he had just robbed a white woman. Of course, this was hearsay, but the statement was proffered as admissible because against the penal interest of the declarant. Alicea's report of what this other man had said was rightly excluded. An out-of-court statement against penal interest that has a tendency to exculpate the defendant does not lose the character of excludable hearsay unless three conditions are satisfied: (1) the absent speaker must be unavailable; (2) the statement manifestly subjects the speaker to criminal liability; and (3) the statement must be corroborated by circumstances indicating its trustworthiness. *Commonwealth* v. *Carr,* 373 Mass. 617, 622-624 & n.11 (1977). *Commonwealth* v. *Drew,* 397 Mass. 65, 73 (1986). Fed.R.Evid. 804(b)(3) (1985). See Proposed Mass.R.Evid. 804(b)(3).

Here defense counsel offered no account of efforts to locate, interview, or make available the man called Jerry. Contrast *Commonwealth* v. *Drew,* 397 Mass. at 73; *Commonwealth* v. *Cintron,* 29 Mass. App. Ct. 983 (1990). He had not been shown to be unavailable. As to the trustworthiness of Jerry's statement, nothing was offered to bolster it. Alicea was vague as to who Jerry was. The time of his statement, as reported, preceded by one-half to three-quarters of an hour the time of the crime. It remained far from clear that the statement attributed to Jerry, if made, referred to the robbery for which Burgos was being tried; the statement attributed to Jerry purportedly was made in the presence of a group "hanging out," but none of that group was identified or brought forward. The judge reasonably concluded the corroborative foundation was so shaky that the hearsay was not trustworthy and should not be received. See *Commonwealth* v. *Drew,* 397 Mass. at 75; *Commonwealth* v. *Cintron,* 29 Mass. App. Ct. at 984.

During the direct examination of Alicea, the defense also asked a question that would have elicited the response that she had told an officer participating in the arrest of Burgos that the officer "had the wrong guy." Again, the answer anticipated was hearsay, and the exceptions urged by the defendant are not apt. The question about what Alicea had said to the police was properly excluded for the reason, if no other, that she had not seen the crime or even been near the scene of the crime. As the trial judge remarked, "She knows nothing about it."

2. *Identification instruction.* When the trial judge instructed the jury, he adhered substantially to the criteria for evaluating identification testimony as recommended in *Commonwealth* v. *Rodriguez*, 378 Mass. 296, 310-311 (1979). To that he added, "In analyzing identification testimony, you, of course, can consider whether or not the witness might simply be mistaken." Defense counsel requested the judge to add that the identification witness's error might be an "honest, good faith mistake." The judge declined to add the adjectives and the defendant urges that in so doing the judge erroneously failed to follow *Commonwealth* v. *Pressley*, 390 Mass. 617, 619 (1983), and *Commonwealth* v. *DiFonzo*, 31 Mass. App. Ct. 921, 921-922 (1991). Neither opinion requires ritualistic adherence to particular verbal formulations. To tell a jury that they may consider whether the identification witness "might simply be mistaken" implies bona fide error, not contrivance. The defendant also requested an instruction that the jury might consider whether identifying a member of a different race is more difficult than identifying a member of one's own. Such an instruction was disapproved in *Commonwealth* v. *Horne*, 26 Mass. App. Ct. 996, 999 (1988). Nor, under our cases, is a person of Hispanic background, as was the defendant, a member of a recognized racial group by reason of being Hispanic. *Commonwealth* v. *De La Cruz*, 405 Mass. 269, 272-274 (1989). The charge on identification was satisfactory.

3. *Individual voir dires as to racial bias.* As observed under the previous subject heading, the Hispanic background of the defendant did not place him in a discrete racial group, and that is sufficient reason why it was not necessary for the judge to inquire of the individual members of the venire whether any harbored racial bias that would encumber rendering a disinterested and just verdict on the basis of the evidence. In any event, as neither a sexual crime nor murder was involved, an examination of individual jurors about racial bias was not required. *Commonwealth* v. *De La Cruz*, 405 Mass. at 272, 274. *Commonwealth* v. *Stephens*, 15 Mass. App. Ct. 461, 465 (1983). It was sufficient that the judge inquired collectively of the potential jurors on the venire whether any was sensible of disabling bias.

4. *The voice identification.* The precautions regarding the admission of voice identification discussed in *Commonwealth* v. *Marini*, 375 Mass. 510, 517 (1978),[1] do not apply in a "showup," i.e., the bringing of a suspect to the victim shortly after the time of the crime, generally in the street. Here the defendant was brought before the victim in a street encounter within forty-five minutes of when she was mugged. First the victim made a visual identification, then the defendant said something, and the victim, on hearing the defendant speak, declared herself doubly sure that the man she was

---

[1]Those precautions are that: one on one auditions should be avoided; preferably the identifying witness does not see the speaker; the speaker should not be forced to speak the same words spoken during commission of the crime.

confronting was her assailant. There was no error in the admission of the voice identification. See *Commonwealth* v. *Gauthier*, 21 Mass. App. Ct. 585, 588 (1986).

*Judgment affirmed.*

*Marc Kantrowitz* for the defendant.
*John P. Zanini*, Assistant District Attorney, for the Commonwealth.