## Commonwealth *vs.* Simon Johnathan Piper.

Hampden. September 8, 1997. - October 21, 1997.

Present: Wilkins, C.J., Abrams, Lynch, Greaney, Fried, Marshall, & Ireland, JJ.

*Evidence,* Hearsay, Declaration against interest, Admissions and confessions, Bias. *Constitutional Law,* Admissions and confessions. *Practice, Criminal,* Trial of indictments together, Capital case.

At the trial of an indictment for murder in the first degree, the judge correctly excluded a hearsay confession of the codefendant, made five months after the murder and proffered as statements against the codefendant's penal interest, where the record supported the judge's conclusions that the codefendant was not credible and that his revised confession was not corroborated and was not trustworthy. [10-11]

At a murder trial, the judge correctly denied the defendant's motion to suppress his incriminating statements to police, where the statements were not the product of an illegal arrest. [11-12]

An indictment for murder and an indictment for conspiracy to murder were properly joined for trial where the offenses were part of a single scheme and each indictment involved a different victim. [12]

At a murder trial, certain evidence was properly admitted as relevant to the defendant's motive and state of mind and also demonstrated that he had the means to commit the crime; and certain other evidence was properly admitted on redirect examination of a prosecution witness to show the reason for the witness's possible bias against the defendant. [12]

Indictments found and returned in the Superior Court Department on July 21, 1994.

A pretrial motion to suppress evidence was heard by *William H. Welch,* J., and the cases were tried before him.

*Donald A. Harwood* for the defendant.

*Jane Davidson Montori,* Assistant District Attorney, for the Commonwealth.

Wilkins, C.J. The defendant was found guilty of murder in the first degree on all three theories on which such a conviction may be based. The victim was the defendant's mother. He was also convicted of armed robbery and of conspiracy to murder his father.

The defendant raises several issues on appeal. The principal appellate issue concerns his claim that the judge improperly excluded evidence of statements that one Roland Beauchesne had made incriminating himself in the murder, arguably tending to exonerate the defendant. Lesser issues, that we shall dispose of briefly at the end of this opinion, involve the denial of the defendant's motion to suppress his confession to the police; the denial of his motion to sever the conspiracy charge from the other charges; and the admission of evidence concerning the defendant's prior bad acts. There is no basis for granting the defendant relief pursuant to our authority under G. L. c. 278, § 33E.[1] We affirm the convictions.

The jury could have found that there was hostility between the defendant and his parents. His parents disagreed with his failure to establish himself as a mature adult in the community. The defendant told others that he was going to kill his parents and inherit their money. The defendant and Roland Beauchesne unsuccessfully sought the assistance of others in a plan to set fire to or blow up the parents' home in order to kill them. On July 14, 1994, after the defendant's parents had left for work, the defendant and Beauchesne broke into the parents' Blandford home. They had a semiautomatic pistol that the defendant had stolen from the home. When his mother returned from work, the defendant shot three times, two bullets struck her head and killed her. The defendant's father found his wife's body at the bottom of the basement stairs and notified the police.

At approximately midnight, the police located the defendant and Beauchesne, who agreed to go to a police station voluntarily. Shortly before 4 A.M., interviewed separately, Beauchesne admitted that he and the defendant had killed the victim. The police then gave the defendant Miranda warnings. After 5 A.M., the defendant stated that he had discovered his mother's body when he went to the parents' house. He later changed his story and admitted that he and Beauchesne had waited for his mother and that he had shot her with the gun he had taken from the

---

[1] We need not decide whether the evidence warranted the submission of the case to the jury on the theory of extreme atrocity or cruelty because the conviction of murder in the first degree was justified in any event on the theory of deliberate premeditation. For the same reason, any question about whether the conviction of murder in the first degree on the theory of felony-murder and the conviction of armed robbery should both stand need not be answered. The defendant acknowledges these points and has raised them only in the event that a new trial were to be ordered.

home. At trial the defendant said that Beauchesne alone had killed the defendant's mother.

1. Approximately five months after the homicide, Beauchesne advanced a new version of the events concerning the murder. He told the new story over the telephone to the defendant's then attorney and stated it in a letter to the defendant's father. In the letter and the telephone call, Beauchesne confessed to the murder, stated that the defendant had not killed his mother, and reported that the defendant had confessed to the crime only because Beauchesne had threatened to kill members of the defendant's family if he did not.[2]

The defendant argued that Beauchesne's hearsay statements were admissible as declarations against Beauchesne's penal interest. Applying the three-part test for the admission of a declaration against penal interest as an exception to the hearsay rule, the judge excluded the evidence. See *Commonwealth* v. *Galloway*, 404 Mass. 204, 207-208 (1989); *Commonwealth* v. *Drew*, 397 Mass. 65, 73 (1986); Proposed Mass. R. Evid. 804 (b) (3). The first part of the test was met because Beauchesne asserted his privilege against self-incrimination and thus his testimony was unavailable. The second issue is whether some part or all of Beauchesne's new version so far tended to subject him to criminal liability that a reasonable person in his position would not have made the statement unless he believed it to be true. See *Commonwealth* v. *Galloway*, *supra* at 207-208; *Commonwealth* v. *Drew*, *supra* at 73. The third aspect of the test requires that the statement be corroborated by circumstances clearly indicating its trustworthiness. See *Commonwealth* v. *Galloway*, *supra* at 208; *Commonwealth* v. *Drew*, *supra* at 73.

We summarize the judge's findings and conclusions that led him to decide that the evidence was not admissible. In his letter to the defendant's father and the telephone call to the defendant's then attorney, Beauchesne provided no explanation as to why his new version should be believed given that he had made an inconsistent, detailed confession to the murder within twenty-four hours of the crime. Beauchesne was certainly not disinterested. He acknowledged that he and the defendant were lovers and that Beauchesne wanted to protect the defendant and did not want to lose him. The judge concluded that Beauchesne's most recent statements were not plausible in view of the other

[2]A second letter sent to the district attorney did not admit to the crime.

evidence, particularly his long delay in making the statements, during which time the defendant and he were under indictment and confined to the Hampden County house of correction awaiting trial. Beauchesne clearly had a motive to make the statements in order to endear himself to the defendant. None of Beauchesne's statements included details corroborating his new version. Nor did the defendant present any significant corroboration. The judge concluded that Beauchesne "is singularly lacking in credibility, and the credibility of the proffered statements and letters is virtually nil. Beauchesne's character, so far as evident to the court, bespeaks of a reliability only to change his story. The proffered statements were not made spontaneously, but rather after Beauchesne had had some six months to contemplate his situation and that of the defendant."

The judge's analysis casts substantial doubt on the claim that a reasonable person in Beauchesne's position would not have asserted the new version unless it were true (the second part of the test) and completely rejects any possibility that the new version could be trustworthy (the third part of the test). The judge's conclusions were fully warranted on the evidence and his findings of fact. In the circumstances, Beauchesne's belated admissions of guilt do not contain their own corroboration. See *Commonwealth* v. *Drew*, 397 Mass. 65, 74, 77 (1986). This is not a case in which the issue of the sufficiency of the defendant's corroboration of the hearsay statement is close, requiring, therefore, that the judge should have favored admitting the statements. See *Commonwealth* v. *Gagnon*, 408 Mass. 185, 194 (1990), and cases cited. The unreliability of Beauchesne's revisionist story of the murder means that exclusion of his statements did not violate his right to due process of law. See *Chambers* v. *Mississippi*, 410 U.S. 284, 302 (1973); *Commonwealth* v. *Drew, supra* at 72. A defendant does not have a constitutional right to the admission of unreliable hearsay statements.

2. We briefly turn to other issues. The defendant's challenge to the denial of his motion to suppress fails. The judge's findings fully supported his ruling that the defendant was not in custody or under arrest and voluntarily went to the police station where, hours later and after receiving Miranda warnings, he made incriminating statements to the police. The defendant's statements were not, therefore, the product of an illegal arrest. The police gave the defendant timely notice of his right, under G. L. c. 276, § 33A, to use a telephone. As soon as Beauchesne

implicated the defendant in the murder of his mother, the police gave the defendant Miranda warnings, placed him in custody, and interrogated him.

The propriety of the joinder for trial of the murder indictment and the indictment for conspiracy with Beauchesne to murder the defendant's father was committed to the judge's discretion. *Commonwealth* v. *Delaney*, 425 Mass. 587, 593 (1997). There was no abuse of that discretion. The defendant was not substantially prejudiced by the admission of evidence that might not have been admissible on the murder charge if the conspiracy charge had not been tried with the murder indictment. In fact, it is probable that all the evidence admitted at the trial would have been admitted even if the conspiracy indictment had been severed. The offenses charged, the result of a single scheme, were "related offenses" and thus properly could ·be joined for trial. Mass. R. Crim. P. 9 (a) (1) (3), 378 Mass. 859 (1979). The prohibition of Mass. R. Crim. P. 9 (e), 378 Mass. 859 (1979), against the nonconsensual joinder of (a) an indictment for conspiracy to commit a substantive offense with (b) an indictment for the commission of the substantive offense does not apply because the indictments involved different victims.

Evidence that the defendant broke into his parents' home while they were on vacation and stole property, including the murder weapon, was properly admitted to show both his relationship with his parents and that he had the means to commit the crime of murder. The defendant told the police that he "wanted to make sure she [his mother] didn't call the police." Evidence that the defendant asked a former girl friend to have an abortion and a paternity test was admissible on redirect examination, in the judge's discretion, to show the reason for her possible bias against the defendant. Defense counsel had sought to bring out that bias during his cross-examination of the witness. Moreover, the judge twice warned the jury not to use this evidence on the issue of guilt.

*Judgments affirmed.*