Charles FRYAR, Jr., Petitioner,

v.

Lynn BISSONNETTE, Respondent.

No. Civ.A. 98–30215–MAP.

United States District Court,
D. Massachusetts.

Sept. 19, 2000.

David P. Hoose, Katz, Sasson & Hoose, Springfield, MA, Harris Freeman, Greenfield, MA, for Charles Fryar, Jr., petitioner.

Kenneth E. Steinfield, Office of the Attorney General, Criminal Bureau, Boston, MA, Catherine E. Sullivan, Assistant Attorney General, Criminal Bureau, Boston, MA, for Lynn Bissonnette, Superintendent, North Central Correctional Center, respondent.

## MEMORANDUM AND ORDER REGARDING PETITIONER'S MOTION FOR AN EVIDENTIARY HEARING

PONSOR, District Judge.

### I. INTRODUCTION

On January 25, 1994, petitioner Charles Fryar Jr. was convicted of second degree murder by a jury in Hampden County Superior Court, Springfield, Massachusetts, for the 1989 stabbing death of Eric Palmer.[1] On July 13, 1997, on direct appellate review, the Massachusetts Supreme Judicial Court (SJC) upheld the conviction against, *inter alia,* a challenge to the trial judge's instruction permitting certain out-of-court statements to be considered *only* for impeachment purposes and not as substantive evidence. *See Commonwealth v. Fryar,* 425 Mass. 237, 249–250, 680 N.E.2d 901 (1997).

In this habeas corpus proceeding, petitioner argues that the trial judge's limiting instruction violated his due process rights under *Chambers v. Mississippi,* 410 U.S. 284, 298–303, 93 S.Ct. 1038, 35 L.Ed.2d 297 (1973). In *Chambers,* the Court held that the defendant was denied a fair trial when the trial judge excluded out-of-court statements—third party confessions—that were critical to the defense and that bore substantial assurances of trustworthiness. *Chambers,* 410 U.S. at 298–303, 93 S.Ct. 1038 (1973).

To support his *Chambers* claim petitioner has moved for an evidentiary hearing. This hearing, which petitioner claims he was denied in state court, would give him the opportunity to demonstrate the reliability of the out-of-court statements and the error committed by the state trial judge in limiting their effect. For the reasons set forth below, the petitioner's motion for an evidentiary hearing will be denied.

### II. BACKGROUND

In the early morning hours of April 14, 1989, an altercation occurred between four African–American male youths and a group of young white men in downtown Springfield, Massachusetts. During the incident, a Springfield College student, Eric Palmer, was fatally stabbed. Petitioner Fryar was arrested at the scene and confessed to that stabbing. Both before and during the trial, however, he challenged the confession as a product of coercion by the Springfield Police Department.

---

1. This was petitioner's second trial. His convictions at his first trial on April 3, 1990, were reversed on appeal because "the trial judge committed reversible error in allowing the Commonwealth to use a peremptory challenge against the sole eligible black member of the venire." *Commonwealth v. Fryar,* 414 Mass. 732. 733, 610 N.E.2d 903 (1993).

Another young man present at the scene, but never charged, was Thomas Barklow. Both petitioner and Barklow were young African–American men, both had thin mustaches, and both were dressed in college warm-up jackets on the night of the stabbing. It was petitioner's defense at trial that Barklow had actually done the stabbing.

Prior to trial, Fryar's counsel obtained a statement from Jason Franklin, a young man Barklow befriended several months after the incident when Barklow began living with Franklin's family. Franklin's statement was to the effect that Barklow had admitted to him that he had stabbed Eric Palmer.

At trial, Barklow testified for the Commonwealth. He denied stabbing the victim or making any incriminating statements to Franklin. Later in the trial, petitioner called Franklin as a witness. He testified that in the fall of 1989, about five months after the stabbing incident, while Barklow was living with Franklin's family, Barklow had gotten into a fight during a basketball game with another youth named Terry Deforest. He further testified that after the fight, Barklow, while in their bedroom, took out a butterfly knife and stated that, "if he used it, it would not be the first time." Petition for Habeas Corpus, Docket No. 1 at 7. Franklin further testified that Barklow provided details about the killing of Eric Palmer and indicated that he, not the petitioner, stabbed Palmer—adding that "it was real quick and easy." *Id.*

After Franklin's testimony, the judge instructed the jury, over defense counsel's objections, that Barklow's alleged confession (as recounted by Franklin) could be considered only for impeachment purposes, as prior inconsistent statements tending to show Barklow's lack of credibility, but not as substantive evidence that Barklow actually committed the stabbing. The judge reasoned, in part, that the statements did not comply with the Commonwealth's version of the "declaration against

interest" exception to the hearsay rule. This rule, as the SJC has interpreted it, states as follows:

> An out of court statement made by a person that he, and not the defendant on trial, committed the crime is admissible [for substantive purposes] where: (1) the declarant's testimony is unavailable; (2) the statement tends so far to subject the declarant to criminal liability that a reasonable man would not have made the statement unless he believed it were true; and (3) the statement, if offered to exculpate the accused, is corroborated by circumstances clearly indicating its truthfulness.

*Commonwealth v. Fryar*, 425 Mass. 237, 249, 680 N.E.2d 901 (1997).

The record makes clear that the state trial judge's ruling derived from his concern about the trustworthiness of Franklin's testimony, particularly the fact that the evidence of Barklow's supposed confession had not come to light until almost five years after the incident. *See* Petitioner's Memorandum in Support, Docket No. 17 at 8 (quoting trial judge's sidebar comments from trial transcript).

The SJC affirmed the trial judge's ruling, concluding that the "declaration against interest" exception to the hearsay rule did not apply because the declarant Barklow was available and Franklin's testimony lacked external indicia of reliability. *Id.*, at 250.

### III. DISCUSSION

■ As a threshold matter, Respondent argues that Fryar's Motion for an Evidentiary Hearing must be denied because his counsel made inadequate efforts to obtain a hearing before the state court trial judge.

Title 28, Section 2254(e)(2), as amended by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), controls whether petitioner may receive an evidentiary hearing on a constitutional claim— here, the *Chambers* issue—that was alleg-

edly not developed in state court. It provides as follows:

> If the applicant has failed to develop the factual basis of a claim in State court proceedings, the court shall not hold an evidentiary hearing on the claim unless the applicant shows that—
>
> (A) the claim relies on—
>
> (i) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>
> (ii) a factual predicate that could not have been previously discovered through the exercise of due diligence; and
>
> (B) the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

The Supreme Court has held that "[u]nder the opening clause of § 2254(e)(2), a failure to develop the factual basis of a claim is not established unless there is a lack of diligence, or some greater fault, attributable to the prisoner or the prisoner's counsel." *Williams v. Taylor*, 529 U.S. 420, ——, 120 S.Ct. 1479, 1488, 146 L.Ed.2d 435 (2000). In the usual case, the Court noted, diligence "will require ... that the prisoner, at a minimum, seek an evidentiary hearing in state court in the manner proscribed by state law." *Id.* at 1490. Moreover, "the prisoner must be diligent in developing the record and presenting, if possible, all claims of constitutional error." *Id.* at 1491.

■ If there has been no lack of diligence at the relevant state proceedings, then "the prisoner has 'not failed to develop' the facts under § 2254(e)(2)'s opening clause, and he will be excused from show-

ing compliance from the balance of the subsection's requirements." *Id.* In other words, if petitioner shows there has been no lack of diligence, he is not barred from receiving an evidentiary hearing during a *habeas* proceeding.

Respondent argues that petitioner is barred from receiving an evidentiary hearing because his efforts lacked the requisite diligence in state court. She contends that Fryar failed to file a motion for a new trial and request an evidentiary hearing in state court, under Rule 30 of the Massachusetts Rules of Criminal Procedure.[2]

Respondent's threshold argument is unpersuasive, for two reasons. First, while a motion for a new trial may technically be filed at any time, *see* MASS.R.CRIM.P. 30(b), the motion is usually intended to be a truly post-conviction remedy, "that is, it is not open to a defendant until the validity of the finding or verdict of his guilt is conclusively established by an appellate court if an appeal is taken." MASS.R.CRIM.P. 30(b) (Reporter's notes). Generally, the SJC has held that "'a motion for a new trial may not be used as a vehicle to compel a trial judge to review and reconsider questions of law' on which a defendant has had his day in an appellate court." *Commonwealth v. Watson*, 409 Mass. 110, 112, 565 N.E.2d 408 (1991) (quoting *Commonwealth v. McLaughlin*, 364 Mass. 211, 229, 303 N.E.2d 338 (1973)). A trial judge does, in theory, have the discretion to hear Rule 30(b) motions seeking reconsideration of questions of law, but the SJC has recommended restricting the exercise of that power to "those extraordinary cases where, upon sober reflection, it appears that a miscarriage of justice might otherwise result." *Commonwealth v. Harrington*, 379 Mass. 446, 449, 399 N.E.2d 475 (1980). Where, as in this case, the trial judge has rejected the legal argument of-

---

2. Rule 30, Post Conviction Relief, provides in relevant part:

(b) New Trial. The trial judge upon motion in writing may grant a new trial at any time if it appears that justice may not have been

done. Upon the motion the trial judge shall make such findings of fact as are necessary to resolve the defendant's allegations of error of law.

MASS.R.CRIM.P. 30(b).

fered to justify the evidentiary proceeding, and where the judge's ruling has been affirmed on appeal, persistence in filing a motion for a new trial raising the same issue would amount to "a course of impious stubbornness." *Hamlet,* I, ii. Counsel's decision to avoid this path certainly does not reflect a lack of diligence.

There is a second reason why respondent's threshold "lack of diligence" argument fails. Although he did not explicitly cite Rule 30, Fryar's counsel did repeatedly seek an opportunity to place on the record facts supporting his *Chambers* claim, both before and during the trial.[3] Defense counsel moved for a *voir dire* at the beginning of the trial to determine the admissibility of the exculpatory confession before his opening to the jury. This motion was denied, with the promise to take up the matter later in the trial. Later on, after both Barklow and Franklin had testified, the judge gave his limiting instruction. In arguing his objection, defense counsel again raised the *Chambers* issue. Finally, defense counsel renewed his objection after the charge to the jury. *See* Petitioner's Memorandum in Support, Docket No. 17 at 8 & n. 10 (citing trial transcripts). Given all this, it is clear that Fryar's counsel made diligent efforts to develop the factual basis of his claim in state court. He is therefore not barred from receiving an evidentiary hearing under § 2254(e)(2).

 Since the petitioner has not negligently failed to develop the factual basis of his claim in state court, § 2254(e)(2) does not apply to him. *See Edwards v. Murphy,* 96 F.Supp.2d 31, 49 (D.Mass.2000). *See also, Miller v. Champion,* 161 F.3d 1249, 1253 (10th Cir.1998). In these circumstances, however, petitioner has no right to an evidentiary hearing unless he can establish that one existed under the old standard of *Townsend v. Sain,* 372 U.S. 293, 83 S.Ct. 745, 9 L.Ed.2d 770

(1963), as it was modified by *Keeney v. Tamayo–Reyes,* 504 U.S. 1, 112 S.Ct. 1715, 118 L.Ed.2d 318 (1992). *See Edwards,* 96 F.Supp.2d at 49; *Cardwell v. Greene,* 152 F.3d 331, 337 (4th Cir.1998); *Miller,* 161 F.3d at 1253.

 *Townsend* declares that

[w]here the facts are in dispute, the federal court in habeas corpus must hold an evidentiary hearing if the habeas applicant did not receive a full and fair evidentiary hearing in a state court, either at the time of the trial or in a collateral proceeding. In other words a federal evidentiary hearing is required unless the state-court trier of fact has after a full hearing reliably found the relevant facts.

*Townsend,* 372 U.S. at 312–13, 83 S.Ct. 745. "In all other cases . . . , the holding of such a hearing is in the discretion of the district judge." *Id.* at 318, 83 S.Ct. 745. *See Amanullah v. Nelson,* 811 F.2d 1, 16 (1st Cir.1987).

 Unfortunately for petitioner, under *Townsend,* he has no right to an evidentiary hearing, because the facts underlying his claim of error were fully developed in the state proceeding. Apparently, no limitations were placed on the examination of either Barklow or Franklin at the trial—at least none have been noted—and no *factual* disputes exist.

 While, it is true, the trial judge did not make explicit findings of facts, it is sufficient that "the state court has impliedly found material facts." *Townsend,* 372 U.S. at 314, 83 S.Ct. 745. Where the trial judge decided the merits of the claim, the federal habeas court may reconstruct the findings of fact either "because [the trial court's] view of the facts is plain from his opinion or because of other indicia." *Id.*

Petitioner's protestations to the contrary, the trial judge did decide the *Cham-*

---

**3.** Indeed, as will be seen below, the fatal flaw in petitioner's request for an evidentiary hearing is that he not only asked for, but effective-ly received, an evidentiary hearing before the state trial judge.

*bers* issue, based on implicit findings that may be easily reconstructed. As noted, the issue was first raised in Fryar's opposition to the Commonwealth's motion *in limine,* in which he argued that Franklin's report of Barklow's confession should be admitted substantively, under the principles in *Chambers.* Next, prior to opening arguments, the petitioner again raised the issue, and the judge again denied the request to admit the statements, making it clear that he needed more facts.

The trial judge obtained these facts later, after the direct and cross-examination of Barklow and the direct examination of Franklin. The Commonwealth called Barklow and questioned him about whether he made the statements; Fryar's counsel then cross-examined Barklow about the statements and their surrounding circumstances. Later, when defense counsel called Franklin and directly examined him, the judge had an opportunity to hear and observe Franklin's testimony about Barklow's confession and its context. At this time, the trial judge again heard argument on the Commonwealth's motion for a limiting instruction and petitioner's request that the hearsay be admitted substantively. Having heard the arguments, and seen and heard both Franklin and Barklow, the judge made his ruling.

This ruling may have been incorrect, and petitioner may be entitled to relief based on the judge's error. Counsel will have the opportunity, at a time to be set, to brief the issue of whether a "mechanistic" application of the Massachusetts evidentiary rule denied Fryar "a trial in accord with traditional and fundamental standards of due process." *Chambers,* 410 U.S. at 302, 93 S.Ct. 1038. Given the existing record, however, no evidentiary proceeding is needed to develop the facts needed to make this determination.

Petitioner argues that the trial judge wrongly assumed that *Chambers* somehow did not apply to a Massachusetts trial and that this mistaken disavowal led the judge to ignore his responsibility to find facts.

The argument is based on the judge's remark, in denying reconsideration of his ruling, that "the Commonwealth has never adopted nor accepted to [sic] the hearsay rule as in the case of *Chambers v. Mississippi.*" *See* Petitioner's Memorandum in Support, Docket No. 17 at 8 (quoting trial transcript).

Petitioner's interpretation of the trial court's remark cannot withstand scrutiny. The trial judge's comment signified that the rather bizarre Mississippi evidentiary rules condemned in *Chambers* —rules that recognized a hearsay exception for statements against pecuniary but not against penal interests, and that barred a party from cross-examining any witness he happened to call, even if the witness was adverse—had never been the law of Massachusetts. In fact, at the time of Fryar's trial, Massachusetts had adopted the basic approach expressed in Rule 804(b)(3) of the Federal Rules of Evidence and did recognize a declaration against penal interest as an exception to the hearsay rule, in appropriate circumstances. *Commonwealth v. Galloway,* 404 Mass. 204, 207, 534 N.E.2d 778 (1989) (citing *Commonwealth v. Carr,* 373 Mass. 617, 623, 369 N.E.2d 970 (1977)). At an earlier sidebar conference, prior to opening arguments, the judge's comments clearly conveyed his understanding of the case law and the need to develop facts sufficient to permit him to resolve the evidentiary issue. *See* Respondent's Memorandum in Opposition, Docket No. 26 at 8–9 (quoting judge's comments from trial transcript).

Finally, the petitioner's argument that this court should hear Franklin and Barklow and make an independent assessment of their credibility is not supported by *Chambers,* or any other authority. The fact is, the trial judge made his determination based upon a fairly developed factual record. Whether he made an error of sufficient proportions to justify *habeas* relief will be the subject of the next round of briefing.

## IV. *CONCLUSION*

For the foregoing reasons, petitioner's motion for evidentiary hearing is DENIED. Counsel for the petitioner will shortly begin a lengthy trial before this court. A conference to establish deadlines for the respondent's motion to dismiss, and petitioner's opposition, will be scheduled following the conclusion of this trial, unless counsel request an earlier date.

It is So Ordered.