COMMONWEALTH *vs.* DWAYNE HYATT.

Norfolk. December 6, 1990. - April 3, 1991.

Present: LIACOS, C.J., ABRAMS, NOLAN, O'CONNOR, & GREANEY, JJ.

*Jury and Jurors. Practice, Criminal,* Challenge to jurors.

At a criminal trial the defendant was entitled to use his peremptory chal-
lenges to remove two white females, both in their twenties, from the
jury, while retaining on the jury one black female of similar age; the
disallowance of one of the challenges was reversible error, where the
record did not support a conclusion that the challenge was racially mo-
tivated. [691-692]

INDICTMENTS found and returned in the Superior Court
Department on June 17, 1987.

The cases were tried before *Andrew G. Meyer,* J.

After review by the Appeals Court, the Supreme Judicial
Court granted leave to obtain further appellate review.

*Carol A. Donovan,* Committee for Public Counsel Ser-
vices, for the defendant.

*Judith A. Cowin,* Assistant District Attorney, for the
Commonwealth.

O'CONNOR, J. The defendant appeals his convictions of ag-
gravated rape and armed robbery. He seeks a new trial on
the grounds that he was erroneously denied a peremptory
challenge of a juror; that the prosecutor was allowed an im-
proper challenge; and that certain expert testimony was erro-
neously admitted in evidence. The Appeals Court affirmed
the convictions, 29 Mass. App. Ct. 140 (1990), and we al-
lowed the defendant's application for further appellate re-
view. We now reverse the convictions and order a new trial.

The defendant is a black man. The victim was a twenty-
one year old white woman. There was only one black person
in the venire, a woman in her twenties. During the empanel-

ment, the prosecutor challenged the black juror, but the judge disallowed the challenge. When the panel, not yet finalized, consisted of twelve women, including the black juror, and two men, the defendant challenged eight women and one man. The prosecutor objected on the ground that the defendant "challenged each of the young women in the panel except for the black woman, and this appears to be discrimination based on age, sex, and that combined with the age of the victim in this case is what I object to." The judge allowed the defendant's challenges, saying, "There are only two men in the panel. I think the problem arises because of the fourteen, twelve are women. It's almost by necessity that he exercise all of his challenges, challenging more women than men. He challenged one of the two men. I would be more concerned about it if he had a more even distribution of men and women, and he challenged all the women. I will continue to watch the exercise of challenges with this in mind, but I think at this stage, it's too early to draw any inference of discrimination although one of the two men has been challenged."

After the replacement jurors were seated, the panel consisted of seven men and seven women. Of these, the defendant challenged two women, both of whom were white and in their twenties. Left on the panel were the seven men, the black woman in her twenties, and four considerably older women. The prosecutor objected on the ground that the challenged jurors were both young, white women. The judge said that the defendant was exercising challenges in violation of *Commonwealth v. Soares*, 377 Mass. 461, 490, cert. denied, 444 U.S. 881 (1979). Defense counsel said that he challenged the two women because one was a secretary in the House of Representatives and the other lived near the scene of the crime. The judge was not satisfied with that explanation. The judge ruled that the defendant could exercise one, but not both, of the contested challenges, and the defendant did so. Then, at a side bar conference, the judge articulated his reason for having denied one of the defendant's peremptory challenges as follows: "For the record, I would like to

note that there are three young ladies of the same age group. Miss [X] who is black was born in 1964. She was not challenged. Ms. [Y] who is white was born in 1966, and she was challenged, and [Ms. Z] who is white was born in 1961. Those three appear to be the only three in that age group. The two whites were both challenged, and that was the reason for the Court's conclusion that a challenge of those [jurors] through peremptory challenges was an abuse of the peremptory challenge and that the explanation given by counsel appeared to the Court to be a pretext and not a valid reason."

The Appeals Court reasoned that "[t]he group identified by the judge consisted of three persons all of whom were young (under age thirty) and female. Within that group two were white and one was black. The group of three was defined by one characteristic — age — that could provide a permitted basis for a peremptory challenge, and one characteristic — gender — that was not a permitted basis. The judge ruled that when the defendant challenged only the two whites and not the entire group of three, he had impermissibly focused on race." *Commonwealth* v. *Hyatt*, 29 Mass. App. Ct. 140, 142 (1990). The Appeals Court concluded that, since the challenges were, at least in part, based on membership in a discrete group identified in art. 1 of the Declaration of Rights of the Massachusetts Constitution, namely, race, the challenges were impermissible, and the judge properly could have disallowed both of them. The court held that the judge had properly disallowed the defendant's challenge of one juror, *id.*, observing that "[t]he fact that the judge permitted the defendant to exercise one of the two impermissible challenges is obviously a ruling of which he should not complain." *Id.* at 143.

We are satisfied that the judge erred in not allowing the defendant to exercise both peremptory challenges. We agree with the Appeals Court that the judge's disallowance of the defendant's challenge now at issue was based on the judge's determination that defense counsel had "impermissibly focused on race." We do not agree, however, that defense

counsel's focus on race was impermissible. The defendant's focus on race would have been impermissible if it had motivated the challenges, but nothing in the record would support the notion that the defendant challenged the two young white women because they were white. Eleven of the twelve unchallenged jurors were white, and the venire from which the replacement jurors would come were all white. Therefore, the challenges manifestly were not designed to alter the white-black juror ratio, which was destined to be thirteen to one. A juror properly may not be challenged on the basis of race, but that is not to say that, as may have occurred here, a party properly may not refrain from challenging a juror because of the juror's race.

Gender based challenges are impermissible, *Commonwealth* v. *Wood*, 389 Mass. 552, 560 (1983), but we do not understand the judge's explanation of his ruling as suggesting that he believed the defendant's challenges to have been based on gender. Indeed, that would have been a questionable call, since, when the challenges were exercised, five women were left unchallenged on the panel. The judge's explanation does suggest that he believed that age was a factor in the challenges, but he correctly did not intimate that challenges based on age are improper. *Id.* at 564.

Our conclusion that the judge erroneously disallowed the defendant's peremptory challenge as based on race requires us to reverse the convictions. "[T]he erroneous denial of the right to exercise a proper peremptory challenge is reversible error without a showing of prejudice." *Id.*

Because the convictions must be reversed and the case must be remanded for a new trial, we need not reach the question whether, as the defendant contends, the judge allowed the prosecutor an improper challenge. It is unlikely that the same question will arise again. The other question raised on this appeal is whether the judge was correct in admitting in evidence certain statistical evidence that only one in 4,500 persons would have hair with the same characteristics as a particular hair which, according to the evidence, was consistent with the defendant's hair and was found on

the victim's shirt. Our reversal of the convictions also makes it unnecessary for us to decide this evidentiary question. We do note, however, that, since this case was argued here, this court has decided a case involving similar issues which might prove instructive on retrial. See *Commonwealth* v. *Curnin, ante* 218 (1991).

The judgments are reversed, and the verdicts are set aside. The case is remanded for a new trial.

*So ordered.*