## COMMONWEALTH *vs.* DWAYNE HYATT.

Norfolk. January 11, 1995. - April 4, 1995.

Present: LIACOS, C.J., WILKINS, NOLAN, LYNCH, & GREANEY, JJ.

*Practice, Criminal*, Speedy trial, Instructions to jury, Sentence, Presumptions and burden of proof. *Identification. Evidence*, Expert opinion, Identification. *Due Process of Law*, Sentence.

At the retrial of a criminal case, the judge correctly denied the defendant's motion under Mass. R. Crim. P. 36 (b) (1) (D) to dismiss the indictments, where the uncontested facts warranted the judge's finding that the defendant had acquiesced in a period of delay so that the retrial had commenced within the time limits of the rule. [817-818]

At the trial of indictments wherein the defendant was a black man and the victim was a white woman, the judge did not err, in the circumstances of the case, in declining to instruct the jury that they could consider the cross-racial nature of the identification in determining the reliability of the victim's identification of the defendant. [818]

The court commented on the issue of cross-racial identification at a criminal trial, with respect to expert testimony and instructions to the jury. [818-819]

Discussion of Federal and State cases considering the issue of judicial vindictiveness arising from a judge's imposing a more severe sentence on reconviction of the defendant after a retrial than the sentence imposed after the first trial. [819-823]

This court stated that, in the circumstances of a criminal defendant's having been sentenced on reconviction after retrial to a more severe sentence than he had received after the first trial before another judge, as a matter of common law, a presumption of vindictiveness arises that may be overcome only if the judge's reasons appear on the record and are based on information not before the first sentencing judge. [823]

In a criminal case in which the defendant at his first trial was sentenced concurrently on his convictions of rape and armed robbery and after appeal and retrial was given, by a different judge, consecutive sentences upon conviction of the same offenses, the defendant was entitled to be resentenced on the consecutive sentence, where the record did not reveal either the reasons that the second judge imposed a harsher sentence or that he had some information on which he relied that the judge at the first trial did not have. [824]

INDICTMENTS found and returned in the Superior Court Department on June 17, 1987.

Following review by this court, 409 Mass. 689 (1991), the cases were retried before *Richard G. Stearns*, J.

The Supreme Judicial Court granted an application for direct appellate review.

*Carol A. Donovan*, Committee for Public Counsel Services, for the defendant.

*Robert C. Cosgrove*, Assistant District Attorney, for the Commonwealth.

*Philip G. Cormier*, for Massachusetts Association of Criminal Defense Lawyers, amicus curiae, submitted a brief.

WILKINS, J. This is the defendant's second appeal following jury verdicts of guilty of aggravated rape and armed robbery. On his first convictions the judge sentenced the defendant in March, 1988, to concurrent terms of from twenty-five to forty years, to commence following service of the sentence that the defendant was then serving on an unrelated matter. In 1991 we reversed the first convictions and remanded the case for a new trial. *Commonwealth* v. *Hyatt*, 409 Mass. 689 (1991).

The defendant was again convicted on both charges. The judge, who was not the judge at the first trial, sentenced the defendant to the same term on the aggravated rape charge as did the first judge (from twenty-five to forty years on and after the sentences then being served). On the conviction of armed robbery, however, the judge did not impose a concurrent sentence but rather imposed a sentence of from eighteen to twenty-five years to be served on and after the sentence on the rape conviction. We granted the defendant's application for direct appellate review.

The issues do not depend on the circumstances of the crimes except that the victim is a white woman and the defendant is an African-American man. The defendant claims that he was not retried within the time that Mass. R. Crim. P. 36 (b) (1) (D), 378 Mass. 909 (1979), requires and that the judge erred in denying a jury instruction concerning the cross-racial nature of the victim's identification of the de-

fendant. The third and most challenging issue is whether the second judge was warranted in imposing harsher sentences than those that the first judge imposed.

We uphold the verdicts of guilt and the sentence imposed on the aggravated rape charge. We vacate the sentence on the armed robbery charge because the record does not show that the judge relied on appropriate circumstances when he imposed a consecutive sentence on that charge. We therefore remand the armed robbery conviction for resentencing pursuant to standards set forth in this opinion.

1. The defendant argues that he was not retried within the time prescribed by Mass. R. Crim. P. 36 (b) (1) (D). The judge who considered the defendant's motion to dismiss ruled that the period from May 6, to October 1, 1991, was excludable in calculating the time within which the defendant's retrial had to commence. If this time was properly excluded, the retrial commenced within the time limits of the rule, and we need not consider other arguments of the Commonwealth.

The motion judge found that the defendant acquiesced in the delay from May 6, to October 1, 1991, and, therefore, that the period of delay is excludable in measuring time under rule 36. See *Commonwealth* v. *Lauria*, 411 Mass. 63, 68 (1991). When the rescript issued, the defendant's original counsel no longer worked for the Committee for Public Counsel Services (CPCS), but the regional supervisor of the CPCS office indicated to an assistant district attorney in April, 1991, that the case would be reassigned to another attorney and agreed that it would be better to wait until October to retry the case when the victim's pregnancy was expected to end.

It would have been better practice to have put this understanding on the record, but the defendant does not challenge the judge's factual findings. The defendant agrees that, if made in open court, the statements of the CPCS regional supervisor might have been fairly construed as acquiescence in the delay. The Commonwealth could reasonably rely on these statements, although the regional supervisor was not

counsel of record. The motion judge was entitled to reach that conclusion on the uncontested facts.

2. The judge did not err in declining to instruct the jury that they could consider the cross-racial nature of the white victim's identification of the African-American defendant in determining the reliability of that identification. In *Commonwealth* v. *Charles*, 397 Mass. 1, 8 (1986), this court held that the trial judge acted within his discretion in declining to give such an instruction. On the other hand, the giving of such an instruction may be appropriate in the judge's discretion.[1] No abuse of discretion occurred here where, as the judge noted, the victim was terrorized for fifteen to twenty minutes in broad daylight and forced into a face-to-face confrontation with her assailant. The defendant points to no relevant empirical study that assessed the relative reliability of cross-racial and non-cross-racial identifications in confrontations of the sort involved here.

We make a brief comment for the future. We remain convinced that expert testimony on the capacity of eyewitnesses to make identifications should not be admitted as of right and is admissible in the proper exercise of discretion by the trial judge. See *Commonwealth* v. *Francis*, 390 Mass. 89, 98-101 (1983). A few jurisdictions favor the admission of expert testimony in some circumstances (see, e.g., *People* v. *McDonald*, 37 Cal. 3d 351, 369-371 [1984]; *People* v. *Johnson*, 19 Cal. App. 4th 778; 786-789 [1993]), but the weight of authority does not. See *Commonwealth* v. *Francis, supra* at 95; *Bloodsworth* v. *State*, 307 Md. 164, 181-182 (1986). We recognize that, based on a trial record or on the published results of studies, or both, some new principle concerning the process of eyewitness identification may become sufficiently reliable so as to justify formulating a jury instruction that should be given in particular circumstances on request, in addition to those instructions that we identified in *Com-*

---

[1]The Appeals Court misread the *Charles* opinion when it stated that the giving of such an instruction had been rejected in Massachusetts. See *Commonwealth* v. *Horne*, 26 Mass. App. Ct. 996, 999 (1988). See also *Commonwealth* v. *Burgos*, 36 Mass. App. Ct. 903, 904 (1994).

monwealth v. *Rodriguez*, 378 Mass. 296, 310-311 (1979), and *Commonwealth* v. *Pressley*, 390 Mass. 617, 619-620 (1983). Nothing we say here is intended to preclude a judge in the exercise of discretion from instructing a jury that, in determining the weight to be given eyewitness identification testimony, they may consider the fact of any cross-racial identification and whether the identification by a person of different race from the defendant may be less reliable than identification by a person of the same race.

3. We consider now whether the second judge was justified in imposing sentences that were collectively more severe than those imposed by the judge at the first trial. This question leads us to consider whether we will be guided by principles expressed concerning judicial vindictiveness in *North Carolina* v. *Pearce*, 395 U.S. 711 (1969), even though Federal due process concerns are not implicated on this record because the second sentencing judge was not the first sentencing judge (see *Texas* v. *McCullough*, 475 U.S. 134, 140 [1986]). We must, therefore, confront the issue on State law grounds. Based on this latter consideration, we decide that the consecutive sentence on the armed robbery conviction may not stand.

The judge asked the Commonwealth for its sentencing recommendation. The prosecutor recommended consecutive terms of from twenty-five to forty years, to be served after any sentence that this defendant was then serving. This recommendation was based in part on the brutality of the crime; the defendant's prior criminal record, which included three other convictions of assaults on women; and the lasting impact of this incident on the victim and her family. The prosecutor also recited information concerning the defendant's misconduct while imprisoned, consisting of various violations for which he received discipline. The prosecutor explained that she did so because the Commonwealth was mindful of *North Carolina* v. *Pearce*, "which indicates that higher sentences that are received after a first conviction on a retrial should be based on objective information concerning identifiable conduct on the part of the defendant occurring after the

time of the original sentencing proceeding and should affirmatively appear on the record." No mention was made of the impact of *Texas* v. *McCullough, supra,* on principles expressed in *North Carolina* v. *Pearce, supra.*

After hearing the victim and defense counsel, the judge made the following statement:

> "This is perhaps the most gratuitously brutal crime of its type that I have encountered yet as a judge. I want to make a point of acknowledging a debt that society owes to [the victim] for the courage and dignity with which she confronted testifying a second time to an experience of horror, which none of us could ever imagine. The intent of this sentence is to ensure that if [the defendant] is ever released from prison, he will be incapable of ever attacking a woman again. I do not see the two crimes for which he has been convicted of to be sentenced concurrently. I believe they are independent of one another and deserve to be punished separately."

The sentences that we have already described were then imposed.

Both parties agree that it would be unfair to impose a more severe sentence after a second trial simply because the defendant successfully pursued an appeal from his first conviction. In *North Carolina* v. *Pearce, supra,* the Supreme Court concluded that due process required "that a defendant be freed of apprehension of such a retaliatory motivation on the part of the sentencing judge." *Id.* at 725. It therefore adopted a rule "that whenever a judge imposes a more severe sentence upon a defendant after a new trial, the reasons for his doing so must affirmatively appear." *Id.* at 726. The Court stated that the reasons must be based on "objective information concerning identifiable conduct on the part of the defendant occurring after the time of the original sentencing proceeding." *Id.*

The Supreme Court has limited the broad rule of presumed vindictiveness stated in *North Carolina* v. *Pearce,*

*supra,* in several respects. See *Alabama* v. *Smith,* 490 U.S. 794, 801 (1989) (rule inapplicable when first sentence followed guilty plea); *Chaffin* v. *Stynchcombe,* 412 U.S. 17, 35 (1973) (rule inapplicable where second jury imposed sentence at retrial); *Colten* v. *Kentucky,* 407 U.S. 104, 116-118 (1972) (rule inapplicable in two-tier de novo trial system). In *Texas* v. *McCullough, supra,* moreover, the Court announced that the presumption of vindictiveness "is also inapplicable because different sentencers assessed the varying sentences" (*id.* at 140), stated that vindictiveness can be rebutted by other than events occurring subsequent to the original sentencing proceedings (*id.* at 141), and attributed no due process significance to the "chilling effect" of the Court's new rule on the right to appeal (*id.* at 143). The *McCullough* opinion has been construed as holding that the presumption of vindictiveness is applicable only when there is one sentencer. See *Macomber* v. *Hannigan,* 15 F.3d 155, 156 (10th Cir. 1994), and cases cited; *Hurlburt* v. *Cunningham,* 996 F.2d 1273, 1274 n.2 (1st Cir. 1993). We, therefore, do not have a valid Federal due process claim here based on a presumption of vindictiveness, and the defendant does not assert that we do.

Our concern is whether, as a matter of State law, we should recognize a presumption of vindictiveness that can be overcome only by a judicial explanation of the reason for the imposition of any harsher sentence that is soundly based on information in the record.[2] The continued existence of a pre-

---

[2]We cannot avoid this issue on the ground that the defendant did not appeal his sentences to the Appellate Division of the Superior Court. See *Walsh* v. *Commonwealth,* 358 Mass. 193, 195 (1970) (defendant may pursue either or both avenues of appeal). Cf. *Commonwealth* v. *Souza,* 390 Mass. 813, 817 (1984) (sentence reduction by Appellate Division does not cure initial error).

Nor can we avoid the issue on the ground that defense counsel did not raise it. The prosecutor presented the Commonwealth's position on sentencing as if the presumption of vindictiveness of *North Carolina* v. *Pearce,* 395 U.S. 711 (1969), still applied in the Commonwealth. Defense counsel said that he believed that in Massachusetts an individual cannot be sentenced to a greater sentence following retrial. Although not an accurate statement even under *North Carolina* v. *Pearce, supra,* the propriety of an

sumption of vindictiveness is important to the defendant's case because the record does not support a claim that the judge was in fact vindictive.

We could avoid the question whether State law recognizes a presumption of vindictiveness, moreover, if it were apparent that the reasons that the judge gave overcame any presumption that might exist. The judge's stated reasons for the sentences imposed, however, are not based on any information not before the first judge except the fact of the retrial itself. The judge referred to the victim's courage and dignity in testifying again, but that adds nothing of significance to the fact that there had been a retrial.[3] The second judge simply took a different view of the crimes than did the first judge. The two crimes are separate crimes, as the judge said, but the armed robbery, the taking of the contents of the victim's purse, was an incidental aspect of the circumstances which involved an outrageous aggravated rape. Because the record does not show that the second judge had before him some information on which he overtly relied that was not before the first judge, we must determine whether a presumption of vindictiveness is applicable under State law.

This court has applied the principles of *North Carolina* v. *Pearce, supra,* and its progeny, without considering or being asked to consider the issues under State law. See, e.g., *Commonwealth* v. *Bianco,* 390 Mass. 254, 258-259 (1983) (*Pearce* and Federal progeny inapplicable where judge sentenced criminal defendants whose indictments had initially been placed on file without objection after guilty verdicts); *Commonwealth* v. *Tirrell,* 382 Mass. 502, 506-509 (1981) (*Pearce* rules inapplicable to plea bargaining); *Gavin* v. *Commonwealth,* 367 Mass. 331, 336-338 (1975) (*Pearce* presumption not applicable when Appellate Division in-

---

increased sentence was raised, and, if it had not been, we would consider the issue on the basis of either a risk of a miscarriage of justice or the ineffectiveness of counsel.

[3]The judge's statement concerning consecutive sentences indicates that the armed robbery sentence was designed to hold the defendant so that he would not again attack women.

creased length of sentence or ordered sentence to be served consecutively rather than concurrently); *Mann* v. *Commonwealth*, 359 Mass. 661, 665 (1971) (even before Supreme Court decided similarly, *Pearce* principle held inapplicable to enhanced sentence received after de novo trial).

Several States have applied the due process of law principles of *North Carolina* v. *Pearce, supra,* as a matter of State constitutional law. See *Weeks* v. *State,* 267 A.2d 641, 648 (Me. 1970); *People* v. *Van Pelt,* 76 N.Y.2d 156, 161-162 (1990); *Denny* v. *State,* 47 Wis. 2d 541, 542 (1970). See also *Jones* v. *State,* 307 Md. 449 (1986), discussing a Maryland statute that adopted the principles of *North Carolina* v. *Pearce, supra.* In *State* v. *Holmes,* 281 Minn. 294, 298 (1968), the court announced a rule based on public policy considerations that no greater sentence may be imposed after a subsequent conviction because any increase would penalize the defendant for exercising his right of appeal.

We adopt as a common law principle a requirement that, when a defendant is again convicted of a crime or crimes, the second sentencing judge may impose a harsher sentence or sentences only if the judge's reason or reasons for doing so appear on the record and are based on information that was not before the first sentencing judge. Our reasons for doing so are well articulated in the opinion of Chief Justice McKusick in *State* v. *Violette,* 576 A.2d 1359, 1361 (Me. 1990): "[This. rule] prevents the sentencing disparities that are inherently likely to occur when two different judges engage in sentencing on the same sentencing facts, and avoids the unseemly appearance that the defendant's ultimate sentence is greater than his first for no better reason than a change in the identity of the sentencing judge. The rule, easy of application, effectively safeguards a successful appellant upon retrial from the possibility, however slight, of retaliatory vindictiveness following reconviction, and protects a convicted defendant's right to an appeal from any chilling effect emanating from the possibility that an enhanced second sentence might result from a retrial on the same facts." See also *People* v. *Van Pelt, supra* at 162-163.

Under the rule we have announced, which is consistent with principles this court has applied before (see *Commonwealth* v. *Sitko*, 372 Mass. 305, 314 [1977], *S.C.*, 379 Mass. 921 [1980]), the defendant's sentence on the armed robbery conviction must be vacated, and the defendant resentenced. We are unable to determine on this record whether the defendant's convictions of other 1987 crimes against women had occurred and were known to the first sentencing judge when he sentenced the defendant in March, 1988. If they were known, those convictions would not be a proper basis for imposing a harsher sentence on the armed robbery conviction than was imposed in 1988. There may be other circumstances that the Commonwealth may properly present to a judge on resentencing.

We, therefore, vacate the sentence imposed on the armed robbery conviction and remand the matter for resentencing. We affirm the armed robbery conviction and the conviction and sentence on the charge of aggravated rape.

*So ordered.*