COMMONWEALTH *vs.* CARLOS HENRIQUEZ. No. 05-P-267. March 29, 2006. *Practice, Criminal,* Sentence.

After the defendant's sentences were vacated on appeal, see *Commonwealth* v. *Henriquez,* 56 Mass. App. Ct. 775, 782 (2002), *S.C.,* 440 Mass. 1015, 1017 (2003), a judge of the Superior Court sentenced the defendant to consecutive terms of fifteen to twenty years on each of four counts of rape of a child and to a further consecutive term of ten years to ten years and one day on a charge of child pornography.[1] The duration of the total period of commitment (seventy to ninety years) exceeded the length of the sentences vacated in the defendant's first appeal.[2] Because the resentencing judge did not base his reasons for imposing the increased term of commitment on information that was not before the first sentencing judge, the sentences must be vacated under the rule announced in *Commonwealth* v. *Hyatt,* 419 Mass. 815, 823 (1995), and we again remand the matter for resentencing.

The Commonwealth argues that the increased term of commitment is supported by additional information presented to the resentencing judge about impacts to the victim and her family after imposition of the original sentences. In response, the defendant contends that the additional information is nothing more than realization of impacts identified and relied upon by the first sentencing judge at the time the original sentences were imposed. There is some question whether such considerations may support imposition of a harsher sentence on resentencing under the *Hyatt* rule.[3] We need not decide that question at the present time, however, since there is no indication that the

---

[1]The defendant was sentenced to a concurrent sentence of two to three years on one charge of indecent assault and battery, and was placed on five years' probation on the remaining three counts of indecent assault and battery.

[2]The original sentences had been forty-five to sixty years on each of the four rape counts, nine to ten years on each of the four counts of indecent assault and battery, and ten to twenty years on the child pornography charge, all to be served concurrently.

[3]The *Hyatt* rule was derived from *North Carolina* v. *Pearce,* 395 U.S. 711 (1969). Though the Massachusetts rule is somewhat broader in its application, the basis for the

resentencing judge based his sentencing decision on postconviction changes in the circumstances of the victim or her family.

The original sentencing judge (who also took the defendant's guilty pleas) heard victim impact statements, from the victim and her mother, that described the devastating effect of the defendant's acts on the victim and her family. In imposing her sentences, the first sentencing judge justified her upward departure from the sentencing guidelines by reference to her outrage at the defendant's conduct, including the effect of the assaults on the victim and her family: "[Y]ou just destroyed your child, your oldest daughter. . . . The impact on not only your daughter, but your son is acting out. Here's a little boy that probably looked up to his dad and looked forward to doing things with his father. And now your son is taking his frustration and his anger out on your daughter, because he sees her as the reason for your not being around anymore. So all this sexual conduct, sexual selfish conduct of yours has left your family in major disarray."

At the resentencing hearing, the resentencing judge took no new evidence, but heard descriptions from the prosecutor of continuing disruption to the victim's family as a result of the charged offenses. For example, the victim's mother had experienced a number of physical ailments that the prosecutor attributed to stress resulting from the defendant's crimes. The victim's brother had been admitted to a residential psychiatric unit for a brief period, precipitated by a note written to a teacher in which he expressed a desire to kill himself. The victim was still in therapy. For the defendant's part, the defendant's counsel submitted letters in which the defendant expressed his remorse, his progress though therapy in prison, and his faith in God.

In announcing his sentences, the resentencing judge cited various factors establishing the seriousness of the defendant's crime to explain the length of the sentence imposed on each indictment, and his decision to have the sentences run consecutively rather than concurrently. However, to the extent further adverse developments in the circumstances of the victim's family bore on the judge's deliberations, the lone reference came toward the end of the judge's remarks, to discount the significance of the defendant's expressions of remorse and acceptance of responsibility: "But the changes in him pal[e] in comparison to the daily struggles of the family that he left behind. Changes that he's made have no benefit for [the victim] or his ex-wife or his son or his other daughter." Passing the question whether the impacts to the victim's family were different in kind or degree from those that were before the first sentencing judge, the resentencing judge placed less expressed reliance on them than the first sentencing judge placed on the impacts evident at the time of the first sentencing. The resentencing judge's reasons for the sentences he imposed accordingly cannot satisfy the *Hyatt* test, 419 Mass. at 823, to rebut the presumption of vindictiveness in a harsher resentencing.

---

two rules is essentially the same: to avoid the appearance of vindictiveness inherent in the imposition of a harsher sentence following a successful appeal. The Federal rule looks to other relevant conduct or events occurring after the original sentence to justify imposition of a harsher sentence on resentencing. See *Wasman* v. *United States*, 468 U.S. 559, 569-572 (1984). One Federal Court of Appeals has suggested, in dictum, that significant adverse changes in a victim's circumstances, resulting from the charged offense, may suffice to overcome the *Pearce* presumption of vindictiveness. See *United States* v. *Sanders*, 197 F.3d 568, 573-574 (1st Cir. 1999), cert. denied, 530 U.S. 1238 (2000).

In light of the basis for the *Hyatt* rule, to preserve the appearance of fairness even in the absence of actual vindictiveness, see 419 Mass. at 821-822, and our conclusion that reassignment would not entail waste and "duplication out of proportion to any gain in preserving the appearance of fairness," *Commonwealth* v. *Henriquez*, 440 Mass. at 1016, quoting from *United States* v. *Robin*, 553 F.2d 8, 10 (2d Cir. 1977), given the resentencing judge's limited involvement in the case, we agree with the defendant that resentencing by a different judge is warranted.

We vacate the defendant's sentences and remand the matter to the Superior Court for resentencing before a different judge.

*So ordered.*

*Eric S. Brandt*, Committee for Public Counsel Services, for the defendant.

*Thomas H. Townsend*, Assistant District Attorney, for the Commonwealth.