Porter DEPEW et ux., etc., Plaintiffs,

v.

The HANOVER INSURANCE
COMPANY, Defendant.

Porter DEPEW et ux., etc., Plaintiffs,

v.

INSURANCE COMPANY OF NORTH
AMERICA, Defendant.

Porter DEPEW et ux., etc., Plaintiffs,

v.

The CONTINENTAL INSURANCE
COMPANY, Defendant.

Nos. CIV–2–75–131 to CIV–2–75–133.

United States District Court,
E. D. Tennessee,
Northeastern Division.

June 6, 1977.

See also, D.C., 73 F.R.D. 101.

Howard W. Rhea, Sneedville, Tenn., and Donald B. Oakley, Morristown, Tenn., for plaintiffs.

Dennis L. Babb, and David E. Smith, Knoxville, Tenn., for defendants.

## RULING ON EVIDENCE

NEESE, District Judge.

On March 25, 1977 the Court allowed the amendment of the pretrial order herein so as to add thereto the names of 7 persons listed as witnesses for the defendants herein. It is proposed that 5 of such witnesses

will testify as to certain declarations of Mr. Fred Minor, now deceased, and that the sum and substance thereof will be that Mr. Minor stated that he " * * * committed the arson and burning of the J. C. Trent Company and did so at the instigation and payment by [the plaintiff herein] Porter Depew." As might be expected, the plaintiffs claim that such testimony is inadmissible at trial.

■ Rule 804, Federal Rules of Evidence, provides for certain exceptions to the hearsay rule of evidence where the declarant is unavailable as a witness. " * * * 'Unavailability as a witness' includes situations in which the declarant—* * * is unable to be present or to testify at the hearing because of death * * * ." Rule 804(a)(4). It is undisputed that the declarant Mr. Minor is deceased; therefore, he is unavailable as a witness. *Idem.* The plaintiffs' contention that such declarant is not unavailable within the meaning of Rule 804(a)(5), *supra*, is irrelevant since the provisions of such section represent only *one* way in which a declarant may be unavailable as a witness.

■ Much of the plaintiffs' objection to such anticipated testimony concerns their claim of "unfair surprise" as to the nature of such testimony and an inadequate time in which to prepare counter testimony and to investigate the nature thereof. Such objectional ground was rendered moot by the Court's granting of the plaintiffs' motion for a continuance of the trial herein. The only apparent basis for the admission of the above summarized testimony under Rule 804, *supra*, is that the declarations of such unavailable witness Mr. Minor constituted statements against his interest. Rule 804(b)(3). " * * * A statement which was at the time of its making so far contrary to the declarant's pecuniary or proprietary interest, or so far tended to subject him to civil or criminal liability * * * that a reasonable man in his position would not have made the statement unless he believed it to be true * * * " is not excluded by the hearsay rule if the declarant is unavailable as a witness. *Idem.*

Under the Tennessee criminal law " * * * [a]ny person who willfully and maliciously sets fire to or burns, causes to be burned, or who aids, counsels or procures the burning of * * * any building * * the property of himself or of another, shall be guilty of arson and shall be punished by confinement * * * " for 3 to 21 years. T.C.A. § 39–501. Furthermore, the attempt to set such a fire or " * * * any act preliminary thereto * * * " shall be considered as such arson. T.C.A. § 39–503. And, the Tennessee legislature has provided that " * * * [i]f a person willfully burn any building, goods, wares or merchandise, or other chattels which are insured against loss or damage by fire, or willfully cause or procure the same to be burned, with intent to injure the insurer, whether such person be the owner of the property or not, he shall be punished by imprisonment in the penitentiary not exceeding ten (10) years. * * * " T.C.A. § 39–506.

It seems clear, therefore, that the purported declarations by the declarant Mr. Minor would tend to implicate him criminally under the preceding statutes. Thus, his declarations, as represented at this stage, would " * * * tend [ ] to subject him to * * * criminal liability * * * " within the meaning of Rule 804(b)(3), *supra*. It would appear then that such anticipated testimony would be admissible at trial as an exception to the hearsay rule since these 2 basic requirements have been met: (1) the declarant is unavailable; and (2) the declarant stated facts which would have been against his penal interest. *Cf. Hileman v. Northwest Engineering Company*, C.A. 6th (1965), 346 F.(2d) 668, 670[4] (decided under the common law rules of evidence).

■ The plaintiffs further contend that such otherwise hearsay declarations are not trustworthy since they were made under the inducement of the defendants' $10,000-reward offer. Even if this is true, however, their trustworthiness for the purposes of admission as an exception to the hearsay rule is satisfied under Rule 804(b)(3), *supra*, by the fact that such declarations appeared to be against the penal interest of the de-

clarant Mr. Minor. The whole purport of such an exception to the hearsay exclusionary rule is that the declaration is trustworthy *because* it was made against the penal interest of the declarant. This *in itself* is a sufficient showing of trustworthiness. There is nothing to indicate that the defendants would have to otherwise show that such declarations were trustworthy.

■ Finally, the plaintiffs claim that such evidence would and should be excluded under the provisions of Rule 403, Federal Rules of Evidence. Such rule provides that "* * * [a]lthough relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence. * * *" Apparently the plaintiffs only contend that such evidence would fall into the "unfair prejudice" provisions in that the deposition of Mr. Minor could have been taken earlier, *i. e.* prior to his death in late December, 1976. "* * * 'Unfair prejudice' within its context means an undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one." Advisory Committee's Note, Rule 403, *supra.*

Unless the plaintiffs make a more persuasive showing, specifically, of unfair prejudice to their actions, the controverted evidence will be admitted. The plaintiffs have a continuing objection to all such evidence without the necessity of repeating it.