Welch, J.
On May 28, 1997, this case was before the Court for argument on the defendant’s, Massachusetts Bay Insurance Company (MBIC), motion in limine to allow into evidence at trial, through the testimony of two police officers, the statements of one Michael Russo (Russo) that the plaintiff, Stanley Shaw, Jr. (Shaw), paid Russo to set fire to Shaw’s home. In support of its motion, the defendant argues that Russo’s statements were against his penal interest and as such are admissible as an exception to the hearsay principles extant in the Commonwealth. The plaintiff argues, however, that Russo’s statements should not be admitted because (1) the statements must be against the declarant’s penal interest, not Shaw’s; and (2) the exception does not apply to inculpatory statements in civil cases. For the reasons set forth below, the defendant’s motion to allow in evidence at trial the statements of Michael Russo is DENIED without prejudice.
BACKGROUND
On August 20, 1994, Shaw’s property in Melrose, Massachusetts, caught fire. The fire caused substantial damage to both the real and personal property. After substantial investigation into the fire, MBIC determined that Shaw was responsible for the burning of his property and denied coverage under the policy. As a product of a criminal investigation into the fire by the Melrose Police Department, MBIC learned that Russo told police investigators that Shaw paid him $8,900 to burn Shaw’s house. In his statement to Trooper Mark Horgan (Horgan) and Lieutenant Richard Smith (Smith), Russo also said that Joyce Shaw was present when the payments were made to him, that Shaw moved various items from his house before it was set ablaze, and that Denise Shaw gave Russo keys to the house and her car prior to the fire. Russo also described the points of origin of the fire.
Although the exact time frame of Russo’s statement to Horgan and Smith was not made clear at argument, the plaintiff conceded that Russo’s statement about the fire was given prior to his arrest on unrelated charges of kidnapping and attempted murder.
DISCUSSION
I. Introduction to Statements Against Penal Interest
The defendant urges this Court to adopt a position that would allow an unavailable declarant’s statements made in contravention to his penal interests and those of a third party — the plaintiff in this case — into evidence in a civil trial. Because the courts of the Commonwealth have yet to decide this issue, this Court begins its analysis with when the statement against penal interest exception to the hearsay rule was first adopted in the Commonwealth in the criminal context.
In Commonwealth v. Carr, 373 Mass. 617, 623-624 (1977), the Supreme Judicial Court (SJC) adopted the evidentiary standard of federal rule of evidence 804(b)(3); that statements against one’s penal interest are admissible as an exception to the hearsay rule. In the criminal context the exception requires the showing of two elements. Commonwealth v. Pope, 397 Mass. 275, 279 (1986). First, the declarant must be unavailable to testify at trial. Id. Second, the statement must “so far tend[ ] to subject the declarant to criminal liability that a reasonable person in his position would not have made the statement unless he believed it to be true.” Id. A third requirement of corroboration is necessary when the statement is offered to exculpate the accused. Id. It has yet to be decided in both the Commonwealth and the Federal First Circuit whether this third requirement of corroboration is necessary in the criminal context when the proposed testimony is inculpatory rather than exculpatory. See id. at 280; see also United States v. Field, 871 F.2d 188, 192 (1st Cir. 1989). But see United States v. Seeley, 892 F.2d *90 1,2 (1st Cir. 1989) (equivocally implying need of corroboration to statements that inculpate).
II.Application of the Exception to Civil Actions
No case in the Commonwealth has directly addressed and admitted a declarant’s inculpatory statement against penal interest that implicated a third person who was a party in a civil case. There are, however, cases in the Commonwealth that have at least alluded to statements against penal interest in the civil context. There also exists a wide anray of cases from other jurisdictions that have allowed statements against penal interest in the civil context; more specifically, some have allowed statements of a declarant against a third person.
In Flood v. Southland Corp., 416 Mass. 62, 69 n.9 (1993), a negligence case, the SJC noted that, had the declarant been unavailable, his guilty pleas — certainly, declarations against his penal interest — would have been admissible under the exception to the hearsay rule recognized in Carr, 373 Mass. at 624. Clearly, the SJC considers that the exception is equally applicable to civil cases.
Even more helpful to the task at hand than Flood is Fire Commissioner of Boston v. Michael A. Joseph, 23 Mass.App.Ct. 76 (1986). In Joseph the Massachusetts Appeals Court alluded to using a statement against penal interest in a civil matter against a third person. Id. at 79-80 & n.5. Michael A. Joseph was a Boston fire fighter who was terminated from his job because a hearing officer concluded, after an administrative hearing, that Joseph helped to burn a building. The issue on appeal in Joseph was whether one person’s statement that he started the fire at Joseph’s direction was admissible at the hearing.[1] Although the declarant was dead at the time of the hearing, the hearing officer believed that the declarant’s statement was not made in good faith and, therefore, was not admissible as a declaration of a deceased person. Id. at 80 (citing G.L.c. 233, §65). The fire commissioner argued, however, that the declarant’s statement should have been admitted as a statement against penal interest. Id. at 80 n.5. The hearing officer made no ruling on that argument and the Appeals Court also found it unnecessary for it to pass judgment on the argument. The Appeals Court, however, did note “in passing” that, “given the hearings officer’s conclusions concerning a lack of evidence to corroborate any of the hearsay presented, it is unlikely that he would have admitted the statement as one against penal interest.” Id. (citing Commonwealth v. Pope, 397 Mass. 275, 279-81 & n.7 (1986)). Although the Appeals Court’s words in Joseph are mere dicta and it did not rule on the issue, the court did not raise the concerns that are raised in the present case by the plaintiff.
Other jurisdictions have ruled in favor of admitting a declarant’s statement against penal interest in a civil trial for use against a third person. See Depew v. Hanover Ins. Co., 438 F.Supp. 358, 359-60 (E.D. Tennessee 1977) (admitting into evidence in civil action statement against penal interest of declarant that insured paid him to bum insured’s house); Reilly v. DiBianco, 507 A.2d 106, 110-11 (Conn.App. 1986) (admitting into evidence statement against penal interest of one alleged assaulter against two other defendants in civil action); Lambert v. Doe, 453 So.2d 844, 849-50 (1st Dist. Fla.App. 1984) (admitting into evidence statements against the penal interests of alleged sexual assaulter against landlord in negligence action); Agnew v. State, 446 A.2d 425, 432-40 (Md.App. 1982) (admitting into evidence statements against penal the interest of participants in bribeiy scheme against former governor in civil action); Blake v. Consolidated Rail Corp., 439 N.W.2d 914, 921 (Mich.App. 1989) (admitting murderer’s statements against penal interest into evidence against defendant railroad in negligence action).
III.Standard for Admitting Statements Against Penal Interest
Because nothing suggests that inculpatory statements against the penal interest of a declarant should not be used in a civil action against a third person, the question is whether Russo’s statements against his penal interest in the present case should be admitted for use against Shaw to the extent that they implicate Shaw in the burning of his property.
Following the elements set forth in Commonwealth v. Carr, 373 Mass. 617, 623-24 (1977), and Commonwealth v. Pope, 397 Mass. 275, 279 (1986), this Court must first determine whether Russo will be unavailable to testify at trial. The defendant argues that when he is called to testify on the witness stand, Russo will exercise his right under the Fifth Amendment to the United States Constitution against self incrimination. Ifthatwere the case, then Russo would be unavailable. See Commonwealth v. Galloway, 404 Mass. 204, 208 (1989). The plaintiff, however, is unwilling to concede that Russo will avail himself of his Fifth Amendment right and argues, at this time, against his unavailability. Because this Court believes that it is highly likely that someone who is under indictment for the very offense about which he is called to testify will claim his right against self incrimination, it is assumed for purposes of this motion that Russo will avail himself of his constitutional right. The plaintiffs argument on this point can only stand to frustrate the more important aspects of the issue before the Court.
Secondly, this Court must determine whether Russo’s statement “so far tends to subject [him] to criminal liability that a reasonable person in his position would not have made the statement unless he believed it to be true." Pope, 397 Mass. at 279. The reason for this inquiry is to determine whether the extrajudicial statements are trustworthy. A recent United States Supreme Court case, Williamson v. United States, 114 S.Ct. 2431, 2435-37 (1994), has further refined this inquiry to determine whether the statements sought to be introduced into evidence are truly “self inculpatory” to the declarant. The Court *91 noted that such an inquiry can only be answered in “light of all the surrounding circumstances.” Id. at 2437. Clearly, Russo’s statement that Shaw paid him $8,900 to burn Shaw’s property and that Russo did set ablaze that property are “self inculpatory” and meet both the standard set forth in Pope and Williamson.
Those two statements opened Russo to possible prosecution on at least two crimes:
(1) Arson:
Whoever wilfully and maliciously sets fire to, burns, or causes to be burned, or whoever aids, counsels or procures the burning of, a dwelling house, or a building adjoining or adjacent to a dwelling house . . . whether such dwelling house or other building is the property of himself or another and whether the same is occupied or unoccupied, shall be punished by imprisonment in the state prison for not more than twenty years . . ."
G.L.c. 266, §1.
(2) Commission of a Felony for Hire:
Whoever, for payment of consideration or for the promise of the payment of such consideration, commits a felony, shall be punished by imprisonment for not more than five years. The punishment impose by this section shall be in addition to the punishment provided by law for the commission of a felony so committed.
G.L.c. 265, §13G.
The concern of Williamson, that statements necessarily be self-inculpatoiy, does not detract from this Court’s finding that Russo’s statements were made against his penal interest. Clearly, Russo’s admission of burning the Shaw house would make him vulnerable to a prosecution for arson as defined above. Russo’s statement that Shaw paid him $8,900 to bum Shaw’s house would likely make him vulnerable to a prosecution for “commission of a felony for hire.” Even though Russo’s statement implicates Shaw in the burning of the house, the statement that Shaw paid Russo to bum the house is a necessary predicate to the crime of “commission of a felony for hire." Therefore, Russo’s statement, even though it implicates Shaw, would be “self-inculpatory” under the reasoning of Williamson. See Williamson, 114 S.Ct. at 2436-37.[2] See also United States v. Seeley, 892 F.2d 1, 2 (1st Cir. 1989) (indicating that, because “statements against penal interest" is a firmly rooted hearsay exception, a court can infer the reliability of such evidence). But see United States v. Flores, 985 F.2d 770 (5th Cir. 1993) (holding that the exception is not firmly rooted).
The plaintiff further argues that Russo’s statement is untrustworthy because it was given near the time he was arrested on unrelated charges. See Commonwealth v. Fernandes, 30 Mass.App.Ct. 335, 338 (1991) (“The plea was clearly affected by the exigencies of the plea bargaining and the plea colloquy was something less than ‘an unequivocal admission of guilt’ ” (quoting Commonwealth v. Alicia, 6 Mass.App.Ct. 904, 905 (1978)). This argument, however, is disingenuous in light of the plaintiffs concession that Russo made the statement before he was arrested on the unrelated charges.
Finally, there is a question of whether corroboration of the defendant’s statements is needed when those statements tend to inculpate rather than exculpate Shaw. As noted above, the SJC is yet to pass judgment on this issue. See Commonwealth v. Pope, 397 Mass. 275, 280 (1986) (“We not decide whether the government must satisfy the same standard of clear corroboration when it introduces an inculpatory statement against penal interest as must the defendant before introducing an exculpatory statement against penal interest” (citing Commonwealth v. Drew, 397 Mass. 65, 75-77 (1986))). Although Pope is a criminal case, the Massachusetts Appeals Court has implied that it would follow the course of requiring corroboration in civil cases addressing in-culpatory statements. See Fire Commissioner of Boston v. Michael A. Joseph, 23 Mass.App.Ct. 76, 80 n.5 (1986) (“[G]iven the hearings officer’s conclusions concerning a lack of evidence to corroborate any of the hearsay presented, it is unlikely that he would have admitted the statement as one against penal interest” (emphasis added)); see also discussion of Joseph, supra pp. 4-5.[3]
The defendant’s memorandum outlines the testimony of witnesses that it believes will corroborate Russo’s statements against penal interest. First, in regard to whether Russo was actually the person who started the fire, testimony will be offered regarding the points of origin of the fire. Those points of origin described by Russo are corroborated by the expected testimony of both the state fire marshall’s office and the cause and origin investigators hired by the defendant. Clearly, the points of origin would only be known by the person who started the fire. Russo’s statement that Shaw paid him to burn Shaw’s house, however, is not substantially corroborated.
The defendant’s propose to introduce, through her own testimony, that Joyce Shaw withdrew $4,900 in cash from the checking accounts of “Shaw’s Jewelers” between May and July 1994. This withdrawal process began more than three months before the fire of August 20, 1994. For every inference one could draw that Joyce Shaw paid that money to Russo, one could also draw an inference that she spent the money in other ways. Had the money been withdrawn at a time closer to the fire, the case would be different. Additionally, the $4,900 figure is four thousand dollars less than what Russo claims to have been paid by Shaw.
The corroboration shown thus far of the trustworthiness of Russo’s full statement does not appear sufficient to satisfy what the appellate courts of the Commonwealth would require for admission of the statements. See Fire Commissioner of Boston v. Michael A. Joseph, 23 Mass.App.Ct. 76, 80 n.5 (1986). However, should the defendant produce further evi *92 dence to corroborate Russo’s statements, it can place that evidence before the trial judge for consideration.
ORDER
It is therefore ORDERED that the defendant’s motion is DENIED without prejudice.

 Although, as noted by the Appeals Court, the commission hearing officer was not bound by the same principles of evidence used injudicial proceedings, see G.L.c. 30A, §11(2), the hearing officer did abide by those principles in making his decision whether to admit certain evidence. See Joseph, 23 Mass.App.Ct. at 80 (citing Dwyer v. Commissioner of Ins., 375 Mass. 227, §236 (1978)).

 Because this Court concludes that Russo’s statements, that Shaw paid him to burn Shaw’s home, satisfy the exacting standards of “self-inculpatory” set forth in Williamson, a discussion of whether Williamson's standards apply to a civil action will not follow. Courts that have discussed Williamson in the civil realm have not expressed concern about its possible misapplication in such a context. DeJager Construction, Inc. v. Schleininger, 938 F.Supp. 446, 447 n.3, 452 (W.D. Mich. 1996) (addressing Williamson without noting any difference in its application to a civil action); Kettenbach v. Demoulas, 901 F.Supp. 486, 500 n.14 (D.Mass 1995) (addressing Williamson without noting any difference in its application to a civil action). But see Ciccarelli v. Gichner Systems Group, Inc., 862 F.Supp. 1293, 1298-1300 & 1298 n.3 (M.D.Pa. 1994) (“We recognize the inherent differences between a criminal case and a civil case such as this, most particularly in the effect of the Confrontation Clause. However, for purposes of this analysis, that distinction is of little moment”).
For further discussion of applying other criminal standards of the “statement against penal interest" exception to civil cases, see infra note 3.

 It is interesting to note that no mention is made of any potential difference in the need of the degree of trustworthiness of such statements when used in civil rather than criminal cases. It is clear that the need of trustworthiness is rooted in the Confrontation Clause of the Sixth Amendment to the United States Constitution: “In all criminal prosecutions, the accused shall enjoy the right to ... be confronted with the witnesses against him .. .” See Williamson v. United States, 114 S.Ct. 2431, 2437 (1994) (discussing Confrontation Clause). It is unclear, however, how corroboration of trustworthiness fits into Confrontation Clause analysis and how the need for corroboration finds its place in the civil arena. See id. (“We note... that the very fact that a statement is genuinely self-inculpatory ... is itself one of the ‘particularized guarantees of trustworthiness’ that makes a statement admissible under the Confrontation Clause”). In Williamson, the Supreme Court recognized — but did not address — the dispute among the circuits concerning whether corroboration would be necessary for inculpatory statements in the criminal context. Additionally, no case has been uncovered by this Court that directly addresses the non-applicability of Confrontation Clause concerns in civil cases dealing with the “statement against penal interest” exception to the hearsay rule.
At least one civil case did address the corroboration requirement — without discussion however — and required only a finding of trustworthiness, much like that expressed by Williamson, 114 S.Ct. at 2437, to introduce the inculpatory statements. See Depew v. Hanover Ins. Co., 438 F.Supp. 358, 359-60 (E.D. Tennessee 1977) (“The whole purport of such an exception to the hearsay exclusionary rule is that the declaration is trustworthy because it was made against the penal interest of the declarant. This in itself is a sufficient showing of trustworthiness. There is nothing to indicate that the [proponent] would have to otherwise show that such declarations were trustworthy”). To the contrary, another civil case that allowed introduction of an inculpatory statement against penal interest as evidence against a third party, Reilly v. DiBianco, 507 A.2d 106, 110-11 (Conn. App. 1986), adopted a standard of trustworthiness that required corroboration. Reilly adopted its standard firom a criminal case, Chambers v. Mississippi, 410 U.S. 284 (1973), but did not make any distinction between the civil and criminal contexts.
Commonwealth v. Pope, 397 Mass. 275, 279-81 (1986), makes it clear that such a statement is granted preliminary trustworthiness because of its being against penal interest and that corroboration of that trustworthiness is required in cases of exculpatory statements. Pope also suggests that corroboration would be required in cases of inculpatory statements as well. See id. at 280 (“We note . . . that despite the language of the rule, courts and commentators have concluded that the same standard of ‘clear corroboration’ of trustworthiness that applies to admission of exculpatory statements should also be applied to inculpatory statements”). Certainly, in Fire Commissioner of Boston v. Michael A. Joseph, 23 Mass.App.Ct. 76, 80 n.5 (1986), the Massachusetts Appeals Court has implied that it would require that same form of corroboration for inculpatory statements in civil cases.
Although it may appear obvious that the law’s concern for a criminal defendant facing the introduction of inculpatory hearsay statements against him or her is greater than for a civil litigant faced with the same circumstances, the courts of the Commonwealth are yet to address that dichotomy. Clearly, those cases that have addressed the “statements against penal interest” exception to the hearsay rule in the civil realm have done so without mentioning any differences in its application to civil rather than criminal cases. See Flood v. Southland Corp., 416 Mass. 62, 69 n.9 (1993); Joseph, 23 Mass.App.Ct. at 80 n.5. Without further guidance — and although not requiring corroboration for such inculpatory statements in the civil arena is a tenable position — it is incumbent upon this Court to follow the lead of the appellate courts in Pope and Joseph and require corroboration of Russo’s statements.